# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

ACELI SOTO,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Case No. 2:17-cv-02878-RFB-NJK

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff's Motion to Amend Complaint (ECF No. 15), Defendant's Motion to Dismiss (ECF No. 18), Plaintiff's Motion to Strike the Defendant's Answer for Failure of Wal-Mart's FRCP 30(b)(6) Witness To Appear for Deposition (ECF No. 21), and Defendant's Motion for Summary Judgment (ECF No. 25). For the reasons stated below, the Court grants Plaintiff's Motion to Amend Complaint and denies the remaining motions.

## II. FACTUAL BACKGROUND

### A. Undisputed Facts

The Court finds the following facts to be undisputed.

On June 11, 2016, Plaintiff slipped in the main grocery aisle of Wal-Mart Store Number 4557 in Las Vegas, Nevada. Video footage of the incident establishes that at 2:54, a Wal-Mart employee with a broom passed the area where Plaintiff later fell. At 2:55, two Wal-Mart employees pushing carts met near the area where Plaintiff later falls. They loaded some of the contents of one cart onto another, then departed. At 2:58, Plaintiff fell.

Defendant does not concede that a grape was present on the floor of the main grocery aisle at the time Plaintiff fell, but neither party contests that the area where Plaintiff fell is not near the area where the store sells grapes.

**B. Disputed Facts**

The parties dispute whether a Wal-Mart employees created a hazard by dropping a grape on which Plaintiff later fell.

### III. PROCEDURAL BACKGROUND

Plaintiff filed the first amended complaint in state court on July 31, 2017. ECF No. 1-1. Defendant petitioned for removal on November 16, 2017. ECF No. 1. A scheduling order was entered on December 4, 2017. ECF No. 8.

On March 29, 2018, Plaintiff filed the instant Motion to Amend Complaint. ECF No. 15. Defendant filed the instant Motion to Dismiss the amended complaint on April 12, 2018. ECF No. 17. Plaintiff filed the instant Motion to Strike Defendant's Answer on May 2, 2018. ECF No. 21.

Discovery closed on July 13, 2018. Defendants filed the instant Motion for Summary Judgment on August 13, 2018. ECF No. 25.

### IV. LEGAL STANDARD

**a. Motion for Leave to File Amended Complaint**

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings with leave of court. In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"— considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997).

**b. Motion to Strike**

Rule 37(b) of the Federal Rules of Civil Procedure governs sanctions for failure to comply with court-ordered discovery. A court must consider five factors before striking a pleading or declaring default: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012).

### c. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

## V. DISCUSSION

### a. Motion for Leave to File Amended Complaint

Plaintiff filed the instant Motion to Amend Complaint and the proposed complaint on March 29, 2018. ECF No. 15, 16. In addition to an opposition, Defendant has filed the insant Motion to Dismiss, seeking to dismiss the amended complaint on the basis of Plaintiff's failure to obtain leave, undue delay, and futility. ECF Nos. 17, 18.

Plaintiff's proposed amended complaint removes two Defendants, Melissa McCall and Donna Morgan. The amended complaint adds two theories to support the negligence claim against Defendant Wal-Mart, alleging that Wal-Mart (1) negligently failed to provide flooring that met

industry standards for slip resistance and (2) engaged in a negligent mode of operation. Lastly, the amended complaint increases Plaintiff's requested general and special damages from "amounts exceeding $10,000" to "amounts exceeding $15,000" and similarly increases Plaintiff's requested punitive damages from "amounts exceeding $10,000" to "amounts exceeding $15,000."

The Court finds a lack of bad faith, undue delay, futility, or undue prejudice underlying Plaintiff's proposed amendments. Plaintiff seeks to add factual detail to the negligence claim as a result of information obtained through discovery; Plaintiff adds no additional causes of action. Plaintiff seeks to amend the "amounts exceeding" language to comply with state court jurisdictional amounts. Though irrelevant in this Court, the amendment is non-substantive and does not prejudice Defendant. The Court finds that these amendments were made in good faith.

Plaintiff's motion for leave to amend was filed before the May 15, 2018 expert disclosure deadline to which the parties stipulated on February 1, 2018. The Court finds that the amended complaint was not filed late enough to constitute an undue delay or to prejudice Defendant.

Defendant's arguments that the additional negligence theories are frivolous are based on its characterization of the facts in the record; Defendant cannot show that the negligence claim as amended is invalid under any set of facts, as the standard requires.

Because the amended complaint was not unduly delayed, is not frivolous, and does not prejudice Defendant, the Court grants Plaintiff's motion to amend and denies Defendant's motion to dismiss the amended complaint.

**b. Motion to Strike**

Plaintiff argues that Defendant's failure to produce a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure at the noticed April 20, 2018 deposition merits a default judgment in Plaintiff's favor. The Court disagrees. First, because the Court did not order the April 20, 2018 deposition, Rule 37 does not apply. Second, even though Defendant notified Plaintiff of its inability to produce a witness only four days in advance of the scheduled deposition, Defendant reasonably sought to reschedule the deposition with Plaintiff and attempted to meet and confer with Plaintiff. Defendant's initial delayed response was, at most, inconsiderate, and Defendant attempted to cooperate with Plaintiff and fulfill the discovery request. Plaintiff declined to respond

to Defendant's reasonable efforts and instead filed the instant motion. The Court finds that Defendant committed no violation of Rule 37 and that neither a default judgment nor fees and costs are appropriate.

### c. Motion for Summary Judgment

Under Nevada law, a plaintiff must prove four elements to show negligence in a slip-and-fall matter: (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury; and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). A business owner will be liable for breaching its duty to patrons if the business owner, or his or her agents, cause a foreign substance to spill on the floor. Id. But if any other person causes the foreign substance to spill on the floor, the business can only be liable if it had actual or constructive notice of the foreign substance and did not remedy it. Id. at 322–23.

The Court finds that Plaintiff demonstrates a disputed issue as to the material fact of whether Defendant caused a hazard that resulted in Plaintiff's fall. Video footage establishes that Wal-Mart employees moved items between carts approximately three minutes before Plaintiff's fall. Drawing reasonable inferences in favor of Plaintiff, the footage supports the possibility that the employees dropped a hazardous grape on the floor during the transfer of materials. Defendant's argument that it lacked constructive notice is beside the point, as a rational finder of fact could conclude that Defendant caused the hazard, which eliminates the need for notice. Because the video footage alone creates a disputed issue of material fact, the Court need not weigh in on the admissibility or reliability of Defendant's declarations at this time.

### IV. CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint (ECF No. 15) is **GRANTED** and Defendant's Motion to Dismiss (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike the Defendant's Answer for Failure of Wal-Mart's FRCP 30(b)(6) Witness To Appear for Deposition (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that discovery shall be reopened from today until March 11, 2019 for the limited purpose of allowing additional discovery regarding Plaintiff's theory of liability involving a floor defect that is part of the Amended Complaint. Plaintiff will also be permitted to take the depositions if she chooses of Clarence Williams and Lewis Turner, who will be permitted to testify at a trial in this case. The Court does not find that these witness were intentionally concealed from Plaintiff. There shall be no additional dispositive motions permitted.

**IT IS FURTHER ORDERED** that the parties are directed to file a joint pretrial order by March 25, 2019.

DATED: January 24, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**